IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| Simpson Performance Products, Inc., | ) |
| Plaintiff, | ) ) ) |
| | ) CIVIL ACTION NO. |
| v. | ) ) |
| Mastercraft Safety, Inc. and Impact Racing Inc., | ) **JURY TRIAL DEMANDED** ) ) |
| Defendants. | ) ) |

# COMPLAINT

Plaintiff, Simpson Performance Products, Inc. ("Plaintiff" or "Simpson"), by and through its undersigned attorneys, hereby pleads the following claims against Mastercraft Safety, Inc. ("Mastercraft") and Impact Racing Inc. ("Impact") (collectively "Defendants") and alleges as follows:

## PARTIES

1. Simpson is a corporation organized under the laws of the State of Texas and having a principal place of business at 185 Rolling Hills Rd., Mooresville, North Carolina 28115.

2. Upon information and belief, Mastercraft is a corporation organized and existing under the laws of the State of California and having a principal place of business at 9335 Stevens Rd., Santee, California 92071.

1

3. Upon information and belief, Impact is a corporation organized and existing under the laws of the State of California and having a principle place of business at 9335 Stevens Rd., Santee, California 92071.

4. Upon information and belief, Impact is registered with the North Carolina Department of the Secretary of State as a foreign business corporation with a registered office at 150 Fayetteville Street, Box 1011, Raleigh, North Carolina 27601.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the patent laws of the United States of America, Title 35 of the United States Code, and in particular under 35 U.S.C. § 271.

6. This Court has original and exclusive subject matter jurisdiction over the matters pleaded herein pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Upon information and belief, this Court has personal jurisdiction over Defendants because the Defendants have purposefully availed themselves of the privileges of conducting business in the State of North Carolina and in this judicial district, and thus, have enjoyed the privileges and protections of North Carolina law, and Plaintiff's claims arise directly from Defendants' business contacts in North Carolina.

8. Upon information and belief, this Court has personal jurisdiction over Defendants because the Defendants have committed infringement of U.S. Patent No. 9,351,529 B1 ("the '529 Patent") in the State of North Carolina, and in particular, by infringing the '529 Patent in this judicial district.

9. Upon information and belief, this Court has personal jurisdiction over Defendants because the Defendants regularly transact business in North Carolina and have

established distribution channels for their products in this State. In particular, Defendants directly and/or indirectly through intermediaries, ship, distribute, sell, offer for sale, and/or advertise (including via the provision of interactive web pages) their products in and/or into the State of North Carolina and this judicial district.

10. Upon information and belief, this Court has personal jurisdiction over Defendants because the claims stated herein arise, at least in part, from activities that the Defendants have conducted in the State of North Carolina and in this judicial district, such that the Defendants can reasonably expect to be haled before this Court to account for those acts.

11. Upon information and belief, this Court has personal jurisdiction over Defendants in this judicial district consistent with the principles of due process because, upon information and belief, the Defendants are engaged in substantial commercial activity within the State of North Carolina and have derived substantial commercial benefit from goods sold within the State of North Carolina. Furthermore, the Defendants have transacted business in this judicial district, have committed acts of patent infringement in this judicial district, and have placed infringing products into the stream of commerce through established channels of trade within this judicial district with the expectation and knowledge that such products may be purchased by residents of this judicial district.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

**COUNT 1: INFRINGEMENT OF U.S. PATENT NO. 9,351,529**

13. Plaintiff hereby incorporates by reference each and every fact and allegation set forth in the foregoing paragraphs, as though fully set forth in this cause of action.

14. The '529 Patent, titled "Multi-Point Tethering System for Head and Neck Restraint Devices," issued on May 31, 2016. A true and correct copy of the '529 Patent is attached hereto as Exhibit A and made part of this Complaint.

15. In general, the '529 Patent relates to a restraint device used in cooperation with a helmet by a driver during operation of a vehicle, wherein the restraint device has a system of tethers for attachment to the helmet to control the driver's head during operation of the vehicle.

16. Trevor P. Ashline ("Ashline") is the sole named inventor of the invention disclosed and claimed in the United States Application No. 13/769,816 that issued as the '529 Patent.

17. Simpson is the sole owner of the entire right, title, and interest in and to the '529 Patent.

18. Simpson has been the sole owner of the entire right, title, and interest in and to the '529 Patent since at least as early as the issue date of the '529 Patent and at all times relevant to this action for patent infringement.

19. Simpson is a leading manufacturer of automotive and motorsports specialty/performance products, including head and neck restraints for competitive racing.

20. Simpson is headquartered in New Braunfels, Texas, and has a large customer service and sales team located in Mooresville, North Carolina that services National Association for Stock Car Auto Racing (NASCAR) customers in the heart of NASCAR country.

21. The Simpson® brand of automotive and motorsports products has been well known and respected since 1959 for high quality, performance, durability and safety.

22. Defendants are suppliers of automotive and motorsports products, including safety equipment for professional and amateur drivers. The safety equipment offered for sale and sold by the Defendants includes head and neck restraints for competitive racing.

23. The automotive and motorsports products that the Defendants offer for sale and sell include, without limitation, the IMPACT® REV Frontal Head Restraint (FHR) system and the IMPACT® ACCEL FHR system, which are each head and neck restraints equipped with a system of tethers for attachment to a helmet worn by a driver of a vehicle to control the driver's head during operation of the vehicle.

24. The IMPACT® REV FHR and the IMPACT® ACCEL FHR head and neck restraints, and other head and neck restraint products offered for sale and/or sold by the Defendants that fall within the scope of the '529 Patent are individually or collectively referred to herein as the "Accused Devices." Copies of webpages found on the Internet websites www.mastercraftsafety.com and www.impactraceproducts.com in which the Accused Devices are advertised are attached as Exhibit B, with portions highlighted for emphasis.

25. Upon information and belief, Defendants offer to sell and/or sell, directly and/or indirectly through authorized distributors and/or other intermediaries, the Accused Devices to customers and end-users, such as professional and amateur drivers, in the United States, including this judicial district.

26. Simpson is informed and believes, and on that basis alleges, that the making, using, importing, offering for sale and/or sale of the Accused Devices by Defendants, their distributors, their intermediaries, their customers and/or end-users, are directly and/or indirectly infringing one or more valid and subsisting claims of the '529 Patent.

5

27. By way of example, independent claim 1 of the '529 Patent is directed to a restraint device having a system of tethers, and a helmet cooperating with the tethers, for controlling a driver's head during operation of a vehicle. Exhibit B shows Accused Devices identified as Frontal Head Restraints and illustrates the devices being used in conjunction with a helmet. In addition, Exhibit B states "[i]f you have a new SAH2010, SAH2015, or a pre-drilled helmet, it is OK to use the included mounting plates. Otherwise, east-to-follow instructions for undrilled and SA2010 helmets are included with the device."

28. Claim 1 requires a restraint device having a pair of side tethers, each of the side tethers for attachment to a respective side of the helmet and to a support member. An overhead view of an IMPACT® ACCEL FHR head and neck restraint purchased from the Defendants is depicted in the attached Exhibit C. Exhibit C clearly shows that the IMPACT® ACCEL FHR head and neck restraint has a pair of side tethers (identified as "ST" in Exhibit C) with each side tether configured for attachment to a respective side of a helmet (via, for example, the included mounting plates) and to a support member (identified as "SM" in Exhibit C).

29. Claim 1 further requires at least one rear tether attached to the support member and for attachment to the helmet. Exhibit C clearly shows that the IMPACT® ACCEL FHR head and neck restraint has a rear tether (identified as "RT" in Exhibit C) that is attached to the support member and is configured for attachment to a helmet (via, for example, the included mounting plates).

30. Claim 1 further requires that the at least one rear tether and one of the pair of side tethers are jointly attached to the helmet at a single attachment point on each respective side of the helmet. Exhibit C clearly shows that the rear tether and one of the pair of side

6

tethers of the IMPACT® ACCEL FHR head and neck restraint are jointly attached to a helmet at a single attachment point on each respective side of the helmet (via, for example, the included mounting plates).

31. For at least the reasons stated in the preceding paragraphs, the IMPACT® ACCEL FHR head and neck restraint falls within the scope of at least independent claim 1 of the '529 Patent.

32. The acts of infringement by Defendants have caused and will continue to cause substantial and irreparable harm to Simpson for which there is no adequate remedy at law, unless enjoined by this Court.

33. Simpson has been damaged as a result of direct infringement of the '529 Patent by the Defendants.

34. Simpson also, or in the alternative, has been damaged as a result of direct infringement by others due to the Defendants contributing to and/or inducing infringement of the '529 Patent.

35. Simpson is therefore entitled to an award of compensatory damages pursuant to 35 U.S.C. § 284 in an amount that is presently undetermined, but ultimately will be proven. Regardless, Simpson is entitled to an award of damages adequate to compensate Simpson for the infringement, but in no event less than a reasonable royalty.

36. Pursuant to 35 U.S.C. § 284, Simpson may further be entitled to an increase in the damages awarded up to three times the amount found or assessed by this Court or a jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for findings and entry of judgment against Defendants as follows:

A. That Defendants have infringed one or more claims of the '529 Patent under 35 U.S.C. § 271;

B. That Defendants provide to Plaintiff an accounting of all gains, profits and advantages derived by Defendants' infringement of the '529 Patent;

C. That Plaintiff be awarded damages adequate to compensate it for the wrongful direct, induced and/or contributory infringement of the '529 Patent by Defendants, in accordance with 35 U.S.C. § 284, together with pre-judgment and post-judgment interest;

D. That Plaintiff be awarded any other supplemental damages and interest on all damages, including, but not limited to increased damages under 35 U.S.C § 284 and/or attorneys' fees available under 35 U.S.C. § 285;

E. That the Court permanently enjoin Defendants and all those in privity therewith from making, having made, using, selling, offering for sale, importing, exporting, distributing and/or having distributed products, including without limitation the Accused Devices, that infringe any claim of the '529 Patent; and

F. That Plaintiff be awarded such other and further relief as this Court may deem just and proper, including but not limited to equitable relief and all remedies available at law.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury on all issues triable to a jury.

Dated: August 24, 2016

    Respectfully submitted,

    Simpson Performance Products, Inc.
    By and through its attorneys,

    /s/Craig N. Killen
    Craig N. Killen
    NC Bar No. 43980
    Karl S. Sawyer, Jr.
    NC Bar No. 8009
    Nelson Mullins Riley & Scarborough, LLP
    Bank of America Corporate Center, Suite 4200
    100 North Tryon Street
    Charlotte, North Carolina 28202
    Telephone: (704) 417-3000
    Facsimile: (704) 377-4814

    *Of Counsel:*
    Gregory R. Everman
    Everman Law Firm, P.A.
    6000 Fairview Road, Suite 1200
    Charlotte, North Carolina 28210
    Telephone: (704) 271-9550